MMB

37

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL M. EUSTACE, AND PHILADELPHIA ALTERNATIVE ASSET MANAGEMENT COMPANY, LLC<br><br>Defendants. | ) | Case No. 05-CV-2973 (MMB) |

FILED
SEP 21 2005
MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

### I.

Defendants Paul M. Eustace ("Eustace") and Philadelphia Alternative Asset Management, Co., LLC, ("PAAMCO"), without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated under Part II below, consent to the entry of this Order and state that this Order is entered into voluntarily and that no promise or threat has been made by the Plaintiff, Commodity Futures Trading Commission ("Commission"), or any member, officer, agent or representative thereof, to induce Eustace or PAAMCO to consent to this Order.

**Background**

On June 22, 2005, Plaintiff Commission filed an injunctive action against the Defendants seeking injunctive and other equitable relief, as well as the imposition of restitution and civil

monetary penalties, for violations of the Commodity Exchange Act, as amended ("Act"), 7. U.S.C. §§ 1 *et seq.* (2002), and the Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 *et seq.* (2004).

On June 23, 2005, the Hon. John R. Padova issued an *ex parte* statutory restraining order freezing assets under the control of the Defendants, prohibiting the destruction of documents and appointing a temporary Receiver and scheduling a show cause hearing for August 16, 2005 to determine why a preliminary injunction should not be issued in this case.

On July 8, 2005 the Hon. Paul S. Diamond amended the statutory restraining order to allow the liquidation of Defendant Eustace's personal trading account at Velocity Futures, LP.

On August 2, 2005, the Commission filed a First Amended Complaint against Defendants Eustace and PAAM, and a Motion for a Preliminary Injunction and for a Second Amended Statutory Restraining Order.

On August 12, 2005, the Hon. Michael M. Baylson entered an order rescheduling the August 16, 2005 show cause hearing originally scheduled by Judge Padova to September 15, 2005.

## II.

## JURISDICTION AND VENUE

**THE PARTIES AGREE AND THE COURT FINDS THAT FOR THE LIMITED PURPOSES OF THIS CONSENT ORDER OF PRELIMINARY INJUNCTION:**

A. This Court has jurisdiction over the Defendants and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice

constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

B. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §1.13a-1(e) (2002), in that certain of the acts and practices referred to in the First Amended Complaint herein, dated August 2, 2005, occurred at 2701 Renaissance Boulevard, 4th Floor, King Of Prussia, Pennsylvania, within this district.

## III.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

B. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

C. "Defendants" means Paul M. Eustace and Philadelphia Alternative Asset Management Company LLC, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, and any other person who receives

actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants.

D. "Option Capital Fund" means Option Capital Fund LP, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Option Capital Fund, and any other person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants and/or with Option Capital Fund.

E. "Philadelphia Alternative Asset Fund, LP (the "LP Pool")" means the LP Pool and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the LP Pool, and any other person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants and/or with the LP Pool.

F. "Philadelphia Alternative Asset Fund, Ltd. (the Off-Shore Pool")" means the Off-Shore Pool, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of the Off-Shore Pool, and any other person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants and/or with the Off-Shore Pool.

G. "Philadelphia Alternative Asset Fund, LLC (the "Feeder Fund")" means the Feeder Fund, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Feeder Fund, and any other person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants and/or with the Feeder Fund.

## RELIEF GRANTED

## IV.

### *Prohibited Conduct*

**IT IS HEREBY ORDERED THAT:**

The Defendants, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of the Defendants, and all persons insofar as they are acting in active concert or participation with the Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

A. In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for:

(1) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or

(2) determining the price basis of any transaction in interstate commerce in such commodity, or

(3) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof,

(i) cheating or defrauding or attempting to cheat or defraud other persons;

(ii) willfully making or causing to be made to other persons false reports or statements, or willfully entering or causing to be entered for other persons false records in or in connection with any order to make, or the making of,

any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person; and

(iii) willfully deceiving or attempting to deceive other persons

in violation of Section 4b(a)(2)(i) - (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) - (iii) (2002).

B. In or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transactions, cheating or defrauding or attempting to cheat or defraud other persons; making or causing to be made to other persons false reports or statements thereof, or causing to be entered for other persons false records thereof; and deceiving or attempting to deceive other persons; all in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) and Regulation 33.10, 17 C.F.R. § 33.10.

C. While acting as a Commodity Pool Operator, or an Associated Person of a Commodity Pool Operator, employing a device, scheme or artifice to defraud pool participants or prospective pool participants, in violation of Section 4o(1)(A) of the Act, 7 U.S.C. § 6o(1)(A) and Regulation 4.41(a)(1), 17 C.F.R. § 4.41(a)(1).

D. While acting as a Commodity Pool Operator, or an Associated Person of a Commodity Pool Operator, engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants or prospective pool participants, in violation of Section 4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B) and Regulation 4.41(a)(2), 17 C.F.R. § 4.41(a)(2).

**IT IS FURTHER ORDERED THAT:**

Defendant Eustace, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant Eustace, and all persons

insofar as they are acting in active concert or participation with Defendant Eustace who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

E. Using the mails or instrumentalities of interstate commerce in or in connection with the business of a Commodity Pool Operator while failing to register as a Commodity Pool Operator, in violation of Section 4m(1) of the Act.

F. While acting as a Commodity Pool Operator: (i) failing to operate any other pool as a cognizable legal entity separate from the pool operator; (ii) receiving funds, securities or other property from an existing or prospective pool participant for interest in a pool which funds are not in the name of the pool; and (iii) commingling the property of any pool that he operates or intends to operate with the property of any other person in violation of Commission Regulation 4.20(a)-(c), 17 C.F.R. § 4.20(a)-(c).

**IT IS FURTHER ORDERED THAT:**

G. The Defendants and any other person or persons acting in concert or participation with Defendants are prohibited from soliciting new customers or otherwise soliciting, accepting or receiving funds or other property from an existing or prospective participant in any investment relating to commodity futures contracts or options on commodity futures contracts.

## V.

### *Asset Freeze*

**IT IS FURTHER ORDERED THAT:**

Defendants, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

A. transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including but not limited to any assets relating to Option Capital Fund, the LP Pool, the Off-Shore Pool, the Feeder Fund, and all assets of or under the management or control of the Defendants, wherever located, including assets held outside the United States, except as provided in Parts VII and X of this Order, or as otherwise ordered by the Court;

B. Accessing or opening, or causing to be accessed or opened, any safe deposit boxes titled in the name or subject to access by any of the Defendants.

C. Notwithstanding the provisions of this Part V, Defendants shall transfer possession of all assets identified above in this Part V, paragraph A, pursuant to the transfer provisions of Part X, below, except for those assets held solely in the name of defendant Eustace; provided however that the assets held solely in the name of defendant Eustace remain subject to the provisions of paragraphs A and B above.

The assets affected by this Part V shall not include assets that have been obtained by the Defendants after the entry of this order and are not derived from or otherwise related to the activities alleged in the Commission's First Amended Complaint.

## VI.

### *Directives to Financial Institutions and Others*

**IT IS FURTHER ORDERED THAT:**

Pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any of the Defendants, or has held, controlled, or maintained custody of any such account or asset of any of the Defendants at any time shall:

A. Prohibit Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court or, as to receivership assets, as directed by the Receiver appointed herein;

B. Deny Defendants, and all other persons access to any safe deposit box that is:

(1) titled in the name of any of the Defendants, either individually or jointly; or

(2) otherwise subject to access by any of the Defendants.

C. Notwithstanding the provisions of this Part VI, the Receiver appointed herein shall be provided with access to any safe deposit box titled in the name of, or subject to access by, the receivership Defendants, as defined in Section VIII below;

D. Provide the Receiver and counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset titled in the name, individually or jointly, of any of the Defendants, or held on behalf of, or for the benefit of, any of the Defendants, or under the control of any of the Defendants;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of any Defendants, or is otherwise subject to access by any of the Defendants;

E. Upon request by the Receiver or the Commission, promptly provide the Receiver and the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

F. Cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to Defendants' accounts.

**VII.**

**IT IS FURTHER ORDERED THAT:**

Within five (5) business days following the service of this Order, if they have not done so already, Defendants shall:

A. Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets located inside or outside of the United States which are (1) titled in the name

individually or jointly of such Defendants; or (2) held by any person or entity, for the benefit of any of the Defendants; or (3) under such Defendants' direct or indirect control, whether jointly or singly;

B. Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located inside or outside of the United States relating to or derived from the operations of Option Capital Fund, the LP Pool, the Off-Shore Pool and the Feeder Fund which are (1) titled in the name individually or jointly of such Defendants; or (2) held by any person or entity, for the benefit of any of the Defendants; or (3) under such Defendants' direct or indirect control, whether jointly or singly (The Commission by motion may later seek repatriation of all funds, documents or assets of defendants).;

C. Provide the Commission access to all records of accounts or assets of the Defendants held by financial institutions located inside or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

## VIII.

## PERMANENT RECEIVER

**IT IS FURTHER ORDERED THAT:**

C. Clark Hodgson, Jr. is appointed permanent Receiver for Defendant PAAM and any of its partners, affiliates or subsidiaries or related entities, including, but not limited to Option Capital Fund, the LP Pool, the Off-Shore Pool and the Feeder Fund (hereinafter referred to as the "receivership Defendants"), with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order. For the purposes of seeking the aid and recognition of any court or judicial, regulatory or administrative body outside of the United

States of America, the Receiver shall act and be deemed to be the foreign representative of the receivership Defendants.

**IX.**

**IT IS FURTHER ORDERED THAT:**

The Receiver is directed and authorized to accomplish the following:

A. Assume full control of the receivership Defendants by removing Defendant Eustace as director, officer, partner, employee, independent contractor, agent or any other capacity, and any other director, officer, partner, independent contractor, employee, or agent of the receivership Defendants, from control and management of the affairs of the receivership Defendants.

B. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the receivership Defendants, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the receivership Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the receivership Defendants.

C. Take all steps necessary to secure the business premises of the receivership Defendants and any and all other premises under the control of the receivership Defendants, wherever situated.

D. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients.

E. Prevent the withdrawal or misapplication of funds entrusted to the receivership Defendants, and otherwise protect the interests of customers or clients.

F. Manage and administer the receivership Defendants by performing all acts incidental thereto that the receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations.

G. Collect all money owed to the receivership Defendants.

H. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the receivership Defendants or to carry out his or her duties pursuant to this Order.

I. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

J. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate.

K. Open one or more bank accounts as designated depositories for funds of the receivership defendant. The Receiver shall deposit all funds of the receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.

L. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the receivership Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the receivership Defendants.

M. Liquidate all assets of the receivership Defendants and hold such assets pending further order of the Court.

N. Vacate the business premises occupied by the receivership Defendants and consolidate all records and other assets by moving assets and records currently located outside of this District to a secure facility maintained within this District.

**X.**

**IT IS FURTHER ORDERED THAT:**

Upon service of this Order upon them, Defendants, and any other person or entity served with a copy of this Order, shall immediately, or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the receivership Defendants.

B. Possession and custody of documents of the receivership Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers.

C. Possession and custody of all precious metals, other commodities, funds and other assets being held by or on behalf of the receivership Defendants or on behalf of the receivership Defendants' customers.

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the receivership Defendants, including but not limited to, access to the receivership Defendants' business premises, means of communication, accounts, computer systems, or other property.

E. Information identifying the accounts, employees, properties or other assets or obligations of the receivership Defendants.

**XI.**

**IT IS FURTHER ORDERED THAT:**

Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer or electronic files in any medium; and advising all persons who owe money to the receivership Defendants that all debts should be paid directly to the Receiver.

**XII.**

**IT IS FURTHER ORDERED THAT:**

Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of,

the receivership Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations.

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the receivership Defendants or any property claimed by the receivership Defendants, or attempting to foreclose, forfeit, alter or terminate any of the receivership Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise.

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the receivership Defendants, or the Receiver, or any agent of the Receiver.

D. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the receivership Defendants.

This Part XII does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**XIII.**

**IT IS FURTHER ORDERED THAT:**

The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**XIV.**

**IT IS FURTHER ORDERED THAT:**

Pursuant to 28 U.S.C. § 754 (2002), the Receiver shall maintain the bond in the amount of $20,000 obtained pursuant to the terms of the ex parte statutory restraining order previously entered in this case by the Hon. John R. Padova on June 23, 2005.

**XV.**

**MAINTENANCE OF AND ACCESS TO RECORDS**

**IT IS FURTHER ORDERED THAT:**

Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

**XVI.**

**IT IS FURTHER ORDERED THAT:**

Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

**XVII.**

**IT IS FURTHER ORDERED THAT:**

This Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

Dated: 9/19/05

Michael M. Baylson, U.S.D.J.

CONSENTED TO AND APPROVED BY:

U.S. COMMODITY FUTURES TRADING COMMISSION

By: ______________________
Gretchen L. Lowe
*Attorney for U.S. Commodity Futures Trading Commission*

mail
cc: Huber
Lowe
Giacometti
Rosengard
Longwitz

Paul M. Eustace

By: ______________________
Paul M. Eustace
*Pro Se*

Philadelphia Alternative Asset Management, Co., LLC

By: ______________________
Lee A. Rosengard

*Counsel for the Receiver, C. Clark Hodgson, Jr.*



Case 2:05-cv-02973-MMB Document 37 Filed 09/21/05 Page 19 of 19