IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-2973 |
| PAUL M. EUSTACE, et al. | : | |

**MEMORANDUM AND ORDER**

**Baylson, J.**                                                                                                       **December 12, 2007**

      The Receiver has filed a Motion to Hold Paul M. Eustace in Contempt (Doc. No. 468). This case was started by the Commodity Futures Trading Commission ("CFTC") seeking and securing a statutory Restraining Order from Judge Padova dated June 23, 2005, appointing a Receiver and requiring, inter alia, Paul M. Eustace ("Eustace") as the alleged mastermind behind a hedge fund fraud, involving Philadelphia Alternative Asset Management Company, LLC ("PAAMCo"), to cease certain conduct and to turn over all assets in his possession, custody or control relating to PAAMCo and its investors, to the Receiver.

      Among other important events in this case were the following:

      1.     Order of September 21, 2005 (Doc. No. 37), which reiterated the provisions of the Restraining Order, such as an asset freeze and requirement that Eustace immediately turn over to the Receiver all of his personal assets as well as the assets of the receivership Defendants that were in his possession, custody or control, and which also made the terms of the Restraining Order final.

      2.     A Stipulated Order dated May 23, 2007 (Doc. No. 392), which among other things, instructed Eustace to waive the solicitor-client privilege, the attorney-client privilege, or any other privilege for the purpose of allowing his attorneys to disclose all of his assets and the

assets of his wife, Laura Eustace, that were given to or possessed by the attorneys from June 14, 2004 to the present.

       3.      A Consent Judgment against Eustace dated July 13, 2007 (Doc. No. 426).

The Court held an evidentiary hearing on the Motion for Contempt on November 15, 2007, at which Eustace did not appear.

Following the hearing, at the Court's direction, the Receiver sent a copy of the hearing transcript to Eustace and invited his comments. The Receiver has submitted post-hearing Proposed Findings of Fact and Conclusions of Law and Eustace has submitted letters dated November 30, 2007 and December 10, 2007.

The Receiver seeks a contempt motion because of Eustace's conduct after the entry of the above-captioned Orders, and continuing, asserting serious conduct by Eustace in violation of the above Court Orders and Consent Judgment.

The Receiver's post-hearing submissions, as well as Eustace's letters, discuss conduct that took place and was completed after the various Orders referred to above, together with other allegations that Eustace is still in violation of some of those Orders by his conduct, continuing to the present time. In his letters to the Court, Eustace asserts, without disputing each and every allegation by the Receiver, that he has remedied much of what the Receiver complains about, and is not withholding any information or documents under any claim of attorney-client privilege or otherwise.

Before adjudicating the Receiver's Motion for Contempt, the Court believes it would be in the interest of the enforcement goals of the CFTC, and the investors' recovery goals for the Receiver, to secure any additional cooperation or information which Eustace is now willing to

provide, and which has not yet been provided. It is also in Eustace's interest to offer 100% cooperation so that, if the Court finds he violated any of the prior Court Orders, he can show, in mitigation, that he has nonetheless now remedied his prior violations. In other words, the Court is giving Eustace one more, and last, chance to "purge" the violations alleged by the Receiver. Without promising any specific decision on the Motion, the Court believes Eustace's voluntary 100% cooperation, albeit late, is preferable to a sanction for contempt as the exclusive remedy.

Once this effort has been completed, which should be done on a priority basis to close any gaps between the objectives of the Receiver and Eustace's willingness to meet those goals, and to secure whatever additional information and agreements about assets that can be reached, the Court believes the record will be clear as to whether the Receiver's Contempt Motion should be granted, and if so, whether it will exclusively relate to Eustace's past conduct or will conclude that Eustace is continuing the prior conduct.

After reviewing the papers, the Court nonetheless has a number of questions as follows:

1. Eustace asserts that he has produced all "paper documents" in his possession, custody or control. The Court would like the Receiver to confirm this, or deny it with specific categories of documents or specific documents that have not been produced.

2. The Receiver seeks an order requiring Eustace to order all internet service providers for any internet or e-mail accounts that Eustace has had, to turn over to the Receiver access information, such as user names and passwords, so that the Receiver can access these accounts. Eustace asserts that he is willing to do so, and communication is necessary between Eustace and the Receiver to accomplish this or determine if the Court needs to enter an order on this topic.

3.      Eustace claims that he is also prepared to give the Receiver access to all information about his accounts in the possession, custody or control of any bank or financial institution. Eustace claims that the Receiver has declined this offer.

4.      The Receiver asserts that Eustace sold a number of assets and kept the proceeds for his personal account in violation of the above-noted Court Orders. Eustace does not specifically answer these claims, but asserts that, at least since the entry of an order by Judge Mesbur dated December 11, 2006, Eustace has provided access to all of his information.

5.      The Receiver asserts that although this Court entered an Order requiring Eustace to waive any attorney-client privilege as of May 23, 2007 (Doc. No. 392), Eustace sent an e-mail to at least one of his lawyers dated June 1, 2007 which asserted that he did not, and/or would not, waive the attorney-client privilege. Eustace nonetheless asserts that as of July 16, 2007, he provided instruction to all of his counsel waiving the attorney-client privilege and directing those lawyers to provide information to the Receiver. Notwithstanding Eustace's alleged conduct prior to the July 16, 2007 instruction, the Court questions whether, since that date, the privilege has been waived and Eustace's attorneys properly instructed.

6.      There are disputes about Eustace's proceeds from the sale of a vacation cottage which he owned and other assets, such as a Porsche automobile, a Rolex watch, computer servers and prepaid lease expenses. It is not clear whether all such proceeds have been turned over to the Receiver.

7.      In Eustace's letter of December 10, 2007, he asserts that he is willing to provide authorization for e-mail passwords, internet service providers, computers, e-mail accounts, and his wife's financial statement information. The Court believes that Eustace's cooperation would

be furthered if he were to execute the letters which the Receiver has prepared and are attached as Exhibits A and B to the post-hearing Proposed Findings.

Accordingly, it is hereby ORDERED as follows:

1. The matters noted above, contained in the post-hearing filings by both the Receiver and Eustace, should be discussed between them to determine whether Eustace has now given authorization and instructions so that the Receiver can have access to all relevant facts, documents and information.

2. The Court directs Eustace and counsel for the Receiver to have a telephone discussion forthwith on the above-noted issues, and any other topics that are in dispute between them on the pending Motion for Contempt, including but not limited to the testimony of Mr. Pilo and funds given to Mr. Stunt.

3. Counsel for the Receiver shall submit a letter to the Court by December 21, 2007, indicating what areas of agreement and/or dispute now exist between the Receiver and Eustace concerning the above-noted issues, and any others, and the current status of Eustace's cooperation and compliance with the various Court Orders issued in this case.

4. Eustace may reply to this letter within seven (7) days.

5. If requested and appropriate, the Court may hold a recorded conference call with Eustace and the Receiver's counsel.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-2973 Commodity Futures v. Eustace\Commodity Future - Memorandum Hold Eustace Contempt.wpd