IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-2973 |
| PAUL M. EUSTACE, et al. | : | |

**MEMORANDUM AND ORDER**

Shortly after the Court filed its Memorandum entered on May 4, 2007 (Doc. No. 375), which resulted in the appointment of Stephen J. Harmelin, Esquire as Receiver Ad Litem in Civil Action No. 06-1944, the Receiver, C. Clark Hodgson, Jr., Esquire filed a Motion to Amend the Memorandum Entered on May 4, 2007 (Doc. No. 386).  Although the Motion was opposed by the Commodity Futures Trading Commission and by Man Financial, Inc., the Court has decided to GRANT the Motion in part, specifically as to certain factual matters in which the Court may have used language which should be changed to be more specific and accurate.

Accordingly, it is hereby ORDERED that the Court's Memorandum of May 4, 2007 is amended as follows:

1.	On page 14 of the Memorandum, the words "of counsel" are deleted and replaced with the words "Senior Counsel."

2.	The statement on page 14 that Mr. Hodgson "still does work for clients of the Stradley firm, including UBS Financial Services" is deleted and replaced by the following: "Mr. Hodgson still does work for clients of the Stradley firm, and previously did work for UBS Financial Services."

3.	The sentence on pages 6 and 7 of the Memorandum, in footnote 3, "However, nothing has been presented to this Court suggesting that the Joint Liquidators has ever started, let

alone considered, litigation against UBS Cayman" is amended by stating: "However, the Joint Liquidators have not started any litigation against UBS Cayman.  The record does not show what consideration, if any, the Joint Liquidators gave to making any claims against UBS Cayman.  The letter which Mr. Hodgson had prepared, but which the Court declined to make part of the record of this case may contain facts on this issue."

4. The other change requested by the Receiver, relating to representation of mutual funds bearing the UBS name, is not necessary.  The Receiver requested that the following language should be added:

> Stradley also represents many independent mutual funds, which are owned by public shareholders and boards made up of independent trustees/directors.  Stradley represents these funds and their independent trustees/directors directly, generally in the area of registration, preparation of materials for the Boards of Directors and in negotiation with the investment advisory firms which service the mutual funds.  Stradley does not represent these investment advisory companies.

The Court accepts Mr. Hodgson's representation as accurate.  However, because some of these mutual fund(s) bore the UBS name, and therefore the duty of disclosure by the Receiver existed as to his and/or Stradley's representation of the individuals and/or entities involved with those mutual funds, if only because of the use of the UBS name by the fund.

BY THE COURT:

s/Michael M. Baylson

Date:   12/21/07

Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-2973 Commodity Futures v. Eustace\Commodity Futures Memo & Order revising 5-4-07 Memo.wpd