IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-2973 |
| PAUL M. EUSTACE, et al. | : | |

MEMORANDUM RE: FOURTH APPLICATION
OF JOINT OFFICIAL LIQUIDATORS

**Baylson, J.**                                                                                           **November 21, 2008**

The Fourth Application of the Joint Official Liquidators of Philadelphia Alternative Asset Fund, Ltd. seeks compensation for services rendered from January through June 30, 2008 and also includes, as the Court requested, a closure budget for the cessation of the litigation (Doc. No. 602). The Receiver filed a response, objecting to a portion of this Application, and the Joint Liquidators filed a reply brief. In addition, the Court held a hearing on September 19, 2008.

The Court has previously adjudicated fee requests by the Joint Liquidators. See the Court's Orders dated April 4, 2007 (Doc. No. 352), December 27, 2007 (Doc. No. 512), and August 8, 2008 (Doc. No. 616), accompanied by a Memorandum. In the August 8, 2008 Memorandum, the Court reviewed the services of various law firms and other professionals and the background concerning the Joint Liquidators, and dealt with fees and expenses incurred through December 31, 2007.

On September 19, 2008 (Doc. No. 627), the Court modified the Order of August 8, 2008 as to South Square (London barristers) (Fourth Application) because of an error made in the August 8, 2008 Order. South Square has not presented any additional requests for fees.

-1-

Inclusive within the Fourth Application is a request for a "closure budget," estimated to account for time since June 30, 2008, or time to be incurred after June 30, 2008 on various administrative matters leading up to the closing of this litigation, expected no later than December 31, 2008. Three members of the five-member "Investors Committee" have reviewed and approved this application (although two members did not vote). There was no opposition filed.

The specific Applications will be briefly reviewed, but knowledge is assumed of the prior opinions. A dispute between the Joint Official Liquidators and the Receiver concerns the Receiver's distribution plan. The Joint Liquidators and several other counsel incurred time in connection with their opposition to the Receiver's position concerning allocation, and the Court upheld the Receiver's position. The Court concludes that after reviewing the briefs, the fees of the Joint Liquidators and their counsel for any work in opposition to the Receiver's plan should be charged entirely to the Offshore Fund and the Feeder Fund, and not to either Option Capital or the LP Fund. The reason for this, as admitted by the Joint Liquidators in paragraph 16 of their Fourth Application, is that their objection sought to benefit only the Offshore Fund and the Feeder Fund (to the detriment of Option Capital and the LP Fund). Any time, fees and expenses incurred in advancing the objection should be borne exclusively by the Offshore Fund and the Feeder Fund. It is noted that the Feeder Fund is the largest investor in the Offshore Fund.

**A.**     **Time Incurred and Fees Requested through June 30, 2008**

1.     Kroll (Cayman) - Two of its principals served as Joint Liquidators. Most of the time charges in this case are for Richard E. Fogerty, who served as one of the Joint Liquidators. In the Joint Liquidators' reply to the Receiver's response (Doc. No. 619), the Joint Liquidators

note that the amount of fees in relation to the opposition filed against the Receiver's distribution plan was $25,859, inclusive of expenses. This amount will be charged entirely to the Offshore Fund and the Feeder Fund.

The Joint Liquidators represent that the remainder of their fees for the time incurred is $131,578, which is approved and can be paid with the usual allocation employed by the Receiver against the various funds.

2.      Nixon Peabody - Serves as U.S. counsel to the Joint Liquidators and Robert Sentner of that firm actively participated in the settlement negotiations. Nixon Peabody had reduced the fees requested below the time value and eliminated any requests for fees for time spent preparing fee applications. The fees of Nixon Peabody in the amount of $95,803 are approved. These fees were entirely for services in opposition to the Receiver's distribution plan, and thus shall be charged entirely against the Offshore Fund and the Feeder Fund.

3.      Walkers - The Court has previously commented from the materials presented, that much of Walkers' time was spent on non-substantive routine administrative tasks, and the Court previously made a substantial reduction in the requested fee awarded to Walkers. In the present application, Walkers has presented the declaration of Guy Anthony Locke, who explains their billing system and details work done by them as counsel to the Joint Liquidators. Nonetheless, the Court concludes that although Walkers did serve some purpose, almost all of the work was non-substantive, did not contribute to the settlement, and could have been done by individuals charging lower rates. There was no need for senior personnel to be involved in the basically routine legal and administrative tasks performed by Walkers. Walkers was previously compensated for work through December 31, 2007, but its present application includes time from

December 1 through December 31, 2007, which is duplicative. Accordingly, the Court will apply a substantial reduction to the fees requested by Walkers. Walkers may seek the balance of its fees directly from its client, but given previously cited legal principles binding on this Court, the investors should not pay the balance. Walkers claims costs of $3,750 exclusive of unexplained "professional fees." Walkers' fees are approved in the amount of $10,000 plus costs of $3,750.

**B.** **Closure Budget**

In their reply (Doc. No. 619), the Joint Liquidators under the heading "Outstanding Matters," state that they have received correspondence from the Cayman Islands Monetary Authority ("CIMA") indicating an amount due to CIMA is $6,098. The Joint Liquidators have requested that the fees be waived, but their request has not been granted. The Court has no knowledge of this license fee, which is for the year 2006, and possibly for subsequent years until the Fund's dissolution. This Court is unwilling to allow the payment of such a fee because the Fund was fraudulent from the outset and the Fund, if not already dissolved, will shortly be dissolved.

Lastly, the Fourth Application requests certain fees be allowed for "closure" activities, as the Court has stated its desire that all of this litigation can and should be completed by the end of the year. In this regard, the Fourth Application requests that the Court award U.S. $49,000 to the Joint Liquidators and U.S. $35,000 to Walkers for these tasks. The Court finds that the tasks to be performed are completely administrative, can be performed by paralegals or the most junior lawyers, and in any event, given the substantial fees that have already been paid, the applicants should, if necessary, absorb the time and costs of wrap-up/closure.

The Joint Liquidators note, under "Outstanding Matters," that they have received and still hold $24,198.41 that came from UBS Fund Services (Cayman), Ltd. in accordance with the order of the Grand Court of the Cayman Islands dated May 16, 2007.  This Court has no control over this fund and has no objection to giving the Joint Liquidators access to this fund for any services that they and their counsel are required to render for the termination of the litigation, and believes it is more than adequate for this purpose.

Charges to the Receivership funds are not appropriate or necessary.  If necessary, documents can be prepared by the Receiver's counsel.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 05-2973 |
| PAUL M. EUSTACE, et al. | : | |

## ORDER

AND NOW, this 21st day of November, 2008, based on the foregoing Memorandum concerning the Fourth Application of the Joint Official Liquidators (Doc. No. 602), and following a hearing held on September 19, 2008, and briefs filed, it is hereby ORDERED as follows:

1. The applications for fees and expenses for time incurred through June 30, 2008 are allowed in the following amounts, to be allocated as set forth in the foregoing Memorandum:

   A. Kroll Joint Liquidators - $25,859 (Offshore Fund and Feeder Fund only);

   B. Kroll Joint Liquidators - $131,578 (usual allocation);

   C. Nixon Peabody - $95,803 (Offshore Fund and Feeder Fund only);

   D. Walkers - $13,750 (usual allocation).

2. The applications for fees for the closure budget are DENIED.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL\05-2973 Commodity Futures v. Eustace\Commodities Futures - Order 4 application jt liquidators.wpd